# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 22-312V**

| | |
|---|---|
| BARBARA CASTELEIN,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: April 21, 2025 |

*Jeffrey A. Krawitz, Stark & Stark, P.C., Princeton, NJ, for Petitioner.*

*James V. Lopez, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On March 22, 2022, Barbara Castelein filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration after receiving a haemophilus influenza type b vaccine on September 26, 2019. Petition, ECF No. 1. On March 28, 2024, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 32.

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $35,169.58 (representing $31,844.60 in fees plus $3,324.98 in costs). Application for Attorneys' Fees and Costs ("Motion") filed October 17, 2024, ECF No. 37. Furthermore, Petitioner filed a signed statement representing that she incurred no personal out-of-pocket expenses. ECF No. 37-5.

Respondent reacted to the motion on October 22, 2024, stating that he is satisfied the statutory requirements for an award of fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Motion at 2-3, ECF No. 38. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees and costs to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

*A. Attorney Hourly Rates*

Petitioner has requested that I utilize the following hourly rates for work performed in this matter:

| | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|
| Jeffrey Krawitz, Esq. | $615 | $615 | $615 | $615 |
| Paralegal | X | $197 | $197 | $197 |

These rates require further evaluation and adjustment. Mr. Krawitz has been a licensed attorney since 1987 (Motion at 37-1), placing him in the range of attorneys with 31+ years' experience based on the OSM Fee Schedules.[3] As such, Mr. Krawitz is eligible for hourly rates between $455.00 - $525.00 per hour for time billed in 2021-22, and $495.00 - $584.00 for time billed in 2023-24. Mr. Krawitz's proposed rate of $615.00 therefore exceeds the Vaccine Program's published ranges, and his proposed paralegal rate for the 2022-23 timeframe also exceeds relevant ranges.

Although Mr. Krawitz has significant experience as a licensed attorney, he does not have comparable experience handling Program matters, with this appearing to be his first Vaccine Act case. Prior experience with Program cases is relevant to what hourly rate an attorney should receive. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Accordingly, and based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys, I award Mr. Krawitz the hourly rates of $470.00 for his time billed in the 2021-24 timeframe, and $172.00 for paralegal work performed in the 2022-23 period.

[3] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

**Application of the foregoing reduces the fees to be awarded herein by <u>$7,255.00.</u>**[4] Mr. Krawitz will, however, be eligible for higher rates in future cases, as he demonstrates more experience representing petitioners in the Vaccine Program.

*B. Paralegal Tasks Billed at Attorney Rates*

I have identified several instances in which tasks that are considered paralegal in nature were improperly billed at attorney rates.[5] Counsel should note for future reference that "[t]asks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." See *Riggins v. Sec'y of Health & Human. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). *Turpin v. Sec'y of Health & Human. Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010).

Although these billing entries are reasonable, they must be charged at non-attorney rates. **I thus reduce the attorney's rate for such tasks to $172.00 per hour.** Application of the foregoing further reduces the fees to be awarded herein by **<u>$417.20</u>**.[6]

*C. Non-Compensable Tasks*

The billing records also show that Mr. Krawitz expended 1.80 hours[7] preparing and filing papers for admission to practice in this Court. In the Vaccine Program, however, reasonable attorneys' fees and costs are limited to those "incurred in any proceeding on [a] petition." Section 15(e)(1); see also *Krause v. Sec'y of Health & Human. Servs.*, No. 01-93V, 2012 WL 4477431, at *6 (Fed. Cl. Spec. Mstr. June 20, 2012). Just as an attorney cannot bill the program to research admission to the Court of Federal Claims, attorneys will not be reimbursed for seeking admission to practice or any costs incurred thereto.

---

[4] This amount is calculated as ($615 - $470 = $145 x 48 hrs.) + ($197 - $172 = $25 x 11.80 hrs.) = $7,255.00.

[5] Examples of tasks considered paralegal in nature: 3/22/22: "Filed the petition and exhibits with the Court." 5/11/22: "Prepared statement of completion and filed with the Court." 11/2/23: "Prepare and file Petitioner's notice of filing exhibits 12 and 13." 11/12/24: "Request medical records." See ECF No. 37-3.

[6] This amount is calculated using Mr. Krawit's newly awarded rate: ($470 - $172 = $298 x 1.40 hrs.) = $417.20.

[7] Billing entries that do not qualify for reimbursement: 4/22/21; 4/23/21; 5/13/21. *See* ECF No. 37-3 at 2.

See *Raymo v. Sec'y of Health & Human Servs., No. 11–654V, 2016 WL 7212323, at *12 (Fed. Cl. Spec. Mstr. Nov. 2, 2016), mot. for rev. denied, 129 Fed. Cl. 691 (2016); Oswalt v. Sec'y of Health & Human Servs.*, No. 03-2153V, 2011 WL 2149932 (Fed. Cl. Spec. Mstr. May 2, 2011) (denying fees for time spent preparing application for admission to the USCFC bar); *Ceballos v. Sec'y of Health & Human Servs.*, No. 99-97V, 2004 WL 784910 (Fed. Cl. Spec. Mstr. Mar. 25, 2004) (the admission fee for the USCFC bar is not recoverable). **Application of the foregoing further reduces the fees to be awarded herein by $1,107.00.**[8]

*D. Litigation Costs*

Petitioner requests $3,324.98 in overall costs. ECF No. 37-4. Such costs reflect the expenses of obtaining medical records, postage costs, the Court's filing fee and interest charges. I have reviewed the requested costs, but find that Petitioner's counsel has not substantiated them with the required supporting documentation, such as an invoice or proof of payment. *Id*. at 1-5.[9] Before reimbursement of costs will be made, sufficient supporting documentation, such as invoices, receipts, and billing statements, must be provided. *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program at 75-78 (emphasis added).[10]

When Petitioners fail to provide appropriate documentation to substantiate a requested cost, special masters have refrained from awarding the relevant sum. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005). Additionally, counsel is admonished that attorneys should not charge interest in Vaccine Program cases. Special masters have concluded that, "[a]s a general matter, 'interest cannot be recovered in a suit against the [g]overnment in the absence of an express waiver of sovereign immunity from an award of interest.'" *Raymo v. Sec'y of Health & Human. Servs.,* 129 Fed. Cl. 691, at 706 (2016), citing *Preseault* v. *U.S.*, 52 Fed. Cl. 667 (2002); Response at 3. Thus, the Vaccine Act "does not provide for an award related to interest accumulated on those fees and costs." *Raymo*, at 706; Response at 3, n.1.

---

[8] This amount is calculated as: ($615 x 1.80 hrs.) = $1,107.00. *See* ECF No. 37-3 at 2.

[9] I note that Petitioner's counsel filed some receipts for medical records at ECF No. 22. However, after thorough review, it appears that these receipts do not match any of the invoice numbers or total amounts requested in Petitioner's motion for Fees and Costs at ECF No. 37-4.

[10] The guidelines for Practice Under the National Vaccine Injury Compensation Program can be found at: https://www.uscfc.uscourts.gov/guidelines-practice-under-national-vaccine-injury-compensation-program

Nevertheless, I will allow reimbursement for the Court's filing fee of $402.00, since the fact of that expense is clearly substantiated by the case's docket report, but I disallow reimbursement for all other unsubstantiated costs and interest charges. **Application of the foregoing reduces the total amount of litigation costs to be awarded by $2,922.98.**

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part, Petitioner's Motion for attorney's fees and costs. **I award a total of $23,467.40 (representing $23,065.40 in fees plus $402.00 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[11]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[11] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.